UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| MELISSA BOTTORFF-AREY, | ) |
| SUZANNE THOMAS, and | ) |
| MICHAEL THOMAS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 2:24-CV-00066-NCC |
| | ) |
| BRANDON GROSSHEIM, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss (Doc. 26).[1] Plaintiffs filed a Response (Doc. 31). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 12). For the following reasons, Defendant's motion will be **DENIED**.

### I. Background[2]

On July 31, 2019, Melissa Bottorff-Arey, Suzanne Thomas, and Michael Thomas filed a wrongful death action in the Circuit Court of Adair County, Missouri, Case No. 19AR-CV00792, related to the suicide deaths of their sons Alexander David Mullins and Joshua Michael Thomas ("Prior Case"). The action was filed against Truman State University Foundation, The Fraternity of Alpha Kappa Lambda Inc., and Brandon Grossheim. The Amended Petition, filed September

---

[1] The motion is titled "Plaintiff's Motion to Dismiss" and the first line states "COMES NOW Plaintiff, by and through counsel …" (Doc. 26 at 1). These are typos. The motion was filed by Defendant and contains Defendant's arguments.

[2] The Court takes judicial notice of the prior case filed by Plaintiffs against Grossheim and additional defendants, Case No. 19AR-CV00792. *See Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003).

16, 2019, substituted Truman State University for Truman State University Foundation.  The Second Amended Petition, filed December 16, 2019, added Alpha Kappa Lambda Xi Chapter, Lou Ann Gilchrist, and Truman State University Campus Security Authorities as defendants.  The Fourth Amended Petition, filed on October 27, 2021, added Ian Rothbarth, Seth Baskett, David Lusk, Arlen Egley, and Philip Jorn as defendants.

On September 13, 2019, Grossheim filed a motion to dismiss the claims against him.  On January 17, 2020, Grossheim filed a renewed motion to dismiss as to the Second Amended Petition.  On March 23, 2020, the court held a hearing on Grossheim's motion, along with other defendants' motions to dismiss, and took the motions under advisement.  On June 16, 2020, the court denied Grossheim's motion to dismiss.

Pursuant to motions to dismiss, the following defendants were dismissed from the case.  On October 13, 2021, the court of appeals issued its order and mandate affirming the trial court's dismissal of Truman State University, Lou Ann Gilchrist, and Truman State University Campus Safety Authorities.  The court dismissed David Lusk, Arlen Egley, and Philip Jorn on February 15, 2022, and Ian Rothbarth and Seth Baskett on January 30, 2023.

On June 16, 2023, the court entered an order denying the plaintiffs' motion for a protective order and granting defendant Grossheim's motion to compel, which sought to depose the plaintiffs.  Shortly thereafter, on June 27, 2023, the plaintiffs filed a notice of partial voluntary dismissal without prejudice pursuant to Missouri Supreme Court Rule 67.02(a), dismissing all claims against Grossheim without prejudice.  On June 30, 2023, the court entered an order dismissing all claims against Grossheim without prejudice.

On May 24, 2024, the court entered an order approving a settlement agreement with the

2

remaining defendants: The Fraternity of Alpha Kappa Lambda, Inc. and Alpha Kappa Lambda Xi Chapter.  On June 18, 2024, the plaintiffs filed a consent motion to dismiss, dismissing their claims against The Fraternity of Alpha Kappa Lambda, Inc. and Alpha Kappa Lambda Xi Chapter with prejudice.

On June 25, 2024, Melissa Bottorff-Arey, Suzanne Thomas, and Michael Thomas ("Plaintiffs") filed the instant action against Brandon Grossheim ("Grossheim" or "Defendant") in the Circuit Court of Adair County, Missouri, Case No. 24AR-CV00482.  A First Amended Petition was filed on July 16, 2024.  On September 19, 2024, Grossheim removed the case to this Court based on diversity jurisdiction.  Defendant filed the instant Motion to Dismiss on November 18, 2024, and Plaintiffs filed their Response on December 2, 2024.

## II.  Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted."  To survive a motion to dismiss, a complaint must show "'that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."  *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (citation

3

omitted). The pleading standard of Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012).

### III. Analysis

Defendant argues that Plaintiffs have not sufficiently pled Counts I and II of the First Amended Petition (Doc. 26 at 3-6). Plaintiffs respond that Defendant makes the same arguments that were litigated and denied in the Prior Case, and that, since this is a diversity case, this Court should follow the state court's ruling (Doc. 31 at 1, 8). The Court agrees with Plaintiffs.

Missouri courts use the following standard for issue preclusion or collateral estoppel:

> Issue preclusion, also known as collateral estoppel, precludes parties from relitigating issues that have been previously adjudicated. *Metal Exchange Corp. v. J.W. Terrill, Inc.*, 173 S.W.3d 672, 676 (Mo. App. E.D. 2005). Under the doctrine of issue preclusion, a party is barred from raising an issue in a subsequent proceeding if: (1) the issue decided in the prior proceeding was identical to the issue presented in the current action; (2) the prior judgment resulted in a judgment on the merits; (3) the party against whom issue preclusion is asserted was a party or in privity with the party in the prior proceeding; and (4) the party had a full and fair opportunity to litigate the issues in the prior proceeding. *Id*. Issue preclusion applies to jurisdictional questions, as well as to other issues before the court. *Sexton v. Jenkins & Associates, Inc.*, 152 S.W.3d 270, 273 (Mo. banc 2004).

*Woods v. Mehlville Chrysler-Plymouth*, 198 S.W.3d 165, 168 (Mo. Ct. App. 2006).

Eighth Circuit law is instructive as to the second element, which requires a "judgment":

> [T]he finality requirement for issue preclusion has become less rigorous. "[R]ecent decisions have relaxed traditional views of the finality requirement in

> the collateral estoppel context by applying the doctrine to matters resolved by preliminary rulings or to determinations of liability that have not yet been completed by an award of damages or other relief, let alone enforced." *In re Nangle*, 274 F.3d 481, 484–85 (8th Cir. 2001) (quoting *John Morrell & Co. v. Local Union 304A of the United Food and Commercial Workers*, 913 F.2d 544, 564 (8th Cir. 1990)) (internal quotation omitted). "'[F]inality' in the context of issue preclusion may mean little more than that the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again." *John Morrell*, 913 F.2d at 563 (quoting *Lummus Co. v. Commonwealth Oil Ref. Co.*, 297 F.2d 80, 89 (2d Cir. 1961)) (internal alteration omitted).

*Robinette v. Jones*, 476 F.3d 585, 589 (8th Cir. 2007).

The two counts against Grossheim that were the subject of Grossheim's motion to dismiss in the Prior Case are identical to Counts I and II of Plaintiffs' First Amended Petition. Defendant makes the same arguments here that he made there: that Plaintiffs fail to allege a requisite duty, that the voluntary manslaughter statute does not create a civil cause of action and cannot support a negligence per se claim, and that intentional criminal conduct cannot support a civil negligence claim. Thus, the elements of issue preclusion are met: (1) the issues are identical; (2) the state court ruled on the merits of Grossheim's motion to dismiss; (3) Grossheim was a party to the Prior Case at that time; and (4) Grossheim had a full and fair opportunity to litigate his motion to dismiss in the Prior Case. *See Samaha v. City of Minneapolis*, No. 020CV1715KMMDTS, 2022 WL 2392528, at *1 (D. Minn. July 1, 2022) (giving preclusive effect to the denial of a motion to dismiss). Moreover, as a federal court sitting in diversity, this Court is loath to allow Defendant to relitigate issues already decided by a state court. Based on principles of both issue preclusion and federal comity, this Court will follow the state court's ruling. Defendant's arguments that Plaintiffs have not sufficiently pled Counts I and II are denied.

Defendant further argues that Count I is barred by the doctrines of improper claims splitting, issue preclusion/res judicata, and judicial estoppel because of Plaintiffs' settlement with other defendants in the Prior Case (Doc. 26 at 7-16).  Plaintiffs respond that there is no authority for Defendant's position that they cannot do what they have done: dismiss Grossheim without prejudice pursuant to Rule 67.02(a), settle with other jointly and severally liable defendants, and file a new, timely action against Grossheim (Doc. 31 at 2-5).  The Court agrees with Plaintiffs.

None of the doctrines cited by Defendant have application here.  Joint and several liability allows a plaintiff to pursue separate actions against joint tortfeasors.  *See Wagner v. Bondex Intern.*, Inc., 368 S.W.3d 340, 359 (Mo. Ct. App. W.D. 2012) (describing joint and several liability for tortfeasors); *see also Sheffield v. Matlock*, 587 S.W.3d 723, 735 (Mo. Ct. App. 2019) ("The general rule is that when two defendants are potentially liable for the same loss, the claims are considered separate and two suits can be maintained against the differing parties.") (internal quotations and alterations omitted); *Irwin v. Bertelsmeyer*, 730 S.W.2d 302, 303 (Mo. Ct. App. 1987) (finding "[t]here is no splitting of a cause of action" where "[j]oint obligors to a contract may be sued separately, since contracts are construed as joint and several").  Indeed, RSMo § 537.060 specifically contemplates a situation in which only some joint tortfeasors have settled, and states that "such agreement shall not discharge any of the other tort-feasors for the damage unless the terms of the agreement so provide."  Plaintiffs assert that the settlement agreement in the Prior Case expressly carved out claims against Grossheim (Doc. 31 at 4), and Defendant has not made any argument to the contrary.  Defendant's motion is denied.

## IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. 26) is **DENIED**.

Dated this 10th day of June, 2025.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE