**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION**

| | | |
|---|---|---|
| MELISSA BOTTORFF-AREY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:24-cv-00066-NCC |
| | ) | |
| BRANDON GROSSHEIM | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**CONSENT MOTION FOR THE APPROVAL OF A
WRONGFUL DEATH SETTLEMENT**

Pursuant to § 537.080, RSMo., *et seq*., and with consent of Defendant Brandon Grossheim ("Defendant"), Plaintiff Melissa Bottorff-Arey, as heir and beneficiary of Alexander David Mullins, Deceased, and Plaintiffs Suzanne Thomas and Michael Thomas, jointly, and as heirs and beneficiaries of Joshua Michael Thomas, Deceased, (collectively "Plaintiffs") move the Court for approval of the settlement of the causes of action and claims Plaintiffs have asserted against Defendant for injuries to and deaths of Alexander Mullins and Joshua Thomas.

Plaintiffs request approval of the settlement on the following grounds:

1.      Plaintiffs have asserted claims for damages against Defendant arising out of the respective deaths of Alexander Mullins on August 7, 2016, and Joshua Thomas on April 6, 2017. Plaintiffs contend that the deaths were caused by the acts, omissions, and negligence of Defendant as covered under the Missouri Wrongful Death Act, §537.080, RSMo., *et seq.* Defendant has generally and specifically denied Plaintiffs' claims and denies any liability to Plaintiffs for the injuries to and deaths of Alexander Mullins and Joshua Thomas.

2.      Decedent Alexander Mullins is survived by his parent, Melissa Bottorff-Arey,

1

who is the only individual entitled to bring an action for the wrongful death of Alexander Mullins under § 537.080.1(1), RSMo.

3.      Decedent Joshua Thomas is survived by his parents, Suzanne Thomas and Michael Thomas, who are the only individuals entitled to bring an action for the wrongful death of Joshua Thomas under § 537.080.1(1), RSMo.

4.      Pursuant to the provisions of § 537.095, RSMo., Plaintiffs may compromise and settle the claims for damages for the injuries to and deaths of Alexander Mullins and Joshua Thomas without the joinder of any other party.

5.      This Court has venue and jurisdiction over the claims asserted by Plaintiffs Melissa Bottorff-Arey, Suzanne Thomas, and Michael Thomas against Defendant.

6.      Plaintiffs have continued to pursue the claims against Defendant and believe that the amount of liability and damages attributable to Defendant has been and is contested both to liability and to the extent of damages, and Plaintiffs acknowledge that Defendant has denied any liability for the claims asserted for the injuries to and deaths of Alexander Mullins and Joshua Thomas.

7.      Defendant is an individual who has few assets and no insurance that would cover this claim.

8.      Taking into consideration the expense, delay, the uncertainty of litigation, and Defendant's lack of resources, Plaintiffs and Defendant have agreed to a settlement and compromise of the claims, subject to the Court's approval. Plaintiffs have agreed to settle all of the claims against Defendant, including all claims for damages for the injuries to and deaths of Alexander Mullins and Joshua Thomas, for Alexander Mullins' and Joshua Thomas' conscious pain and suffering before both of their deaths, for pecuniary losses, funeral expenses,

2

constitutional violations, and the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support suffered by reason of Alexander Mullins' and Joshua Thomas' deaths and all other claims for damages against Defendant arising out of the injuries to and deaths of Alexander Mullins on August 7, 2016, and Joshua Thomas on April 6, 2017, the consideration for which is the payment of Three Thousand and 00/100 Dollars ($3,000) ("Settlement Proceeds") by Defendant Brandon Grossheim.

9.      Plaintiffs, having considered the circumstances surrounding the injuries to and deaths of Alexander Mullins and Joshua Thomas, state and represent to the Court that they believe that this proposed offer of settlement and compromise is fair and reasonable and is in the best interests of Plaintiffs and should be approved by the Court.

10.     Plaintiffs seek the Court's approval of this settlement and an Order awarding the Settlement Proceeds for the exclusive use and benefit of Plaintiffs and their attorneys as requested herein.

11.     Plaintiffs contracted with Khazaeli Wyrsch, LLC to represent Plaintiffs' interests in the claims and causes of action against Defendant. Khazaeli Wyrsch, LLC is not taking a fee for this matter.

12.     Plaintiffs Melissa Bottorff-Arey, Suzanne Thomas, and Michael Thomas request the Court to approve that the net amount of the Settlement Proceeds in the amount of Three Thousand Dollars ($3,000) be paid and distributed as follows:

        a.      The amount of One Thousand and Five Hundred and 00/100 Dollars ($1,500) to Plaintiff Melissa Bottorff-Arey, as heir and beneficiary of Alexander Mullins; and

        b.      The amount of One Thousand and Five Hundred and 00/100 Dollars ($1,500) to Plaintiffs Suzanne Thomas and Michael Thomas, jointly, and as heirs and

3

beneficiaries of Joshua Thomas.

13.     Plaintiffs have agreed to satisfy and pay any and all valid liens which have arisen out of the injures to and deaths of Alexander Mullins and Joshua Thomas or as a result of any medical care and treatment, funeral expenses, claims of other beneficiaries, subrogation interests, or any other expenses incurred as a result of the injuries to and deaths of Alexander Mullins and Joshua Thomas, including all attorneys' fees and liens, out of the Settlement Proceeds as approved by the Court herein.

14.     Plaintiffs and Defendant agree that the settlement proceedings for which approval of this Court is requested are not to be construed as an admission of liability on the part of anyone, with Defendant denying that he was negligent or at fault in causing the injuries to and deaths of Alexander Mullins and Joshua Thomas and denying any liability for the injuries to and deaths of Alexander Mullins and Joshua Thomas.

15.     Subject to the Court approving the settlement, the amount of the distribution from the Settlement Proceeds to Plaintiffs, the parties have executed a Settlement Agreement and Release. Due to technical difficulties tonight, a copy of the Settlement Agreement and Release will be filed tomorrow.

16.     Plaintiffs and Defendant agree that this settlement, if approved by the Court, is a good faith settlement with Defendant, and Plaintiffs and Defendant request the Court to find that the release executed by Plaintiffs is given in good faith to Defendant, as that term is used in § 537.060, RSMo.

17.     Plaintiffs request the Court to grant leave to waive a jury herein for their claims only and to submit all issues in the proposed settlement to this Court for a determination and approval of the settlement for the injuries to and deaths of Alexander Mullins and Joshua

Thomas and to approve the distribution of the Settlement Proceeds to Plaintiffs as heirs and beneficiaries of Alexander Mullins and Joshua Thomas.

**WHEREFORE**, Plaintiffs pray the Court to herein determine the issues in this cause and to enter its judgment and order finding, adjudging, and decreeing:

(a)    That this Court has jurisdiction and venue over this cause of action and the settlement of the claims for the injuries to and deaths of Alexander Mullins and Joshua Thomas, and that Plaintiffs are granted leave to waive a jury herein and to submit all issues of the proposed settlement to this Court for a determination.

(b)    That pursuant to the provisions § 537.095, RSMo., Plaintiffs are the only Class I heirs and beneficiaries, and therefore, all heirs and beneficiaries having a cause of action under § 537.080.1(1), RSMo. for the injuries to and deaths of Alexander Mullins and Joshua Thomas have been duly notified of the claims asserted, the filing of the Consent Motion for Approval of a Wrongful Death Settlement, and the date and time of the hearing for the Court to approve the settlement as requested herein and to approve the distribution of the Settlement Proceeds to the heirs and beneficiaries of Alexander Mullins and Joshua Thomas, and are before the Court as a Party to this action.

(c)    Pursuant to the provisions of § 537.095, RSMo., Plaintiffs may compromise and settle the claims for damages for the injuries to and deaths of Alexander Mullins and Joshua Thomas without the joinder of any other person.

(d)    That the settlement for the injuries to and deaths of Alexander Mullins and Joshua Thomas is proper and is in the best interest of Plaintiffs and is approved.

(e)    That the settlement for the injuries to and deaths of Alexander Mullins and Joshua Thomas for the Settlement Proceeds in the amount of Three Thousand Dollars ($3,000) to be paid by Defendant Brandon Grossheim is approved, as is the distribution of the

Settlement Proceeds as follows

    a.      The amount of One Thousand and Five Hundred and 00/100 Dollars ($1,500) to Plaintiff Melissa Bottorff-Arey, as heir and beneficiary of Alexander Mullins; and

    b.      The amount of One Thousand and Five Hundred and 00/100 Dollars ($1,500) to Plaintiffs Suzanne Thomas and Michael Thomas, jointly, and as heirs and beneficiaries of Joshua Thomas.

(f)      Plaintiffs Melissa Bottorff-Arey, Suzanne Thomas, and Michael Thomas have agreed to satisfy and pay any and all valid liens which have arisen out of the injures to and deaths of Alexander Mullins and Joshua Thomas or as a result of any medical care and treatment, funeral expenses, claims of other beneficiaries, subrogation interests, or any other expenses incurred as a result of the injuries to and deaths of Alexander Mullins and Joshua Thomas, which is approved by the Court.

(g)      That the settlement is a good faith settlement with Defendant and the Settlement Agreement and Release for the injuries to and deaths of Alexander Mullins and Joshua Thomas, against Defendant that was executed by Plaintiffs is given to Defendant in good faith pursuant to § 537.060, RSMo.

(h)      That these settlement proceedings and the payment of the Settlement Proceeds are not to be construed as an admission of liability on the part of Defendant with Defendant denying any negligence or fault in causing the injuries and deaths to Alexander Mullins and Joshua Thomas, and liability for any claims asserted.

(i)      That Plaintiffs shall collect the Settlement Proceeds as ordered and approved by the Court and will execute and file a receipt for the payment to each of them from the

Settlement Proceeds approved herein.

(j)     That Plaintiffs will file a dismissal of the claims against Defendant with prejudice upon the approval of the settlement and the distribution of the Settlement Proceeds by Order of the Court and the payment of the Settlement Proceeds to Plaintiffs.

(k)     That Plaintiffs shall bear and be responsible to pay the cost and attorneys' fees incurred by Plaintiffs in this case and that Defendant shall bear and be responsible to pay the cost and attorneys' fees incurred by Defendant in this case; and

(l)     For such other and further relief as the Court deems just and proper.

Date: April 20, 2026                            Respectfully submitted,

**KHAZAELI WYRSCH, LLC**

/s/ James R. Wyrsch
James R. Wyrsch, MO53197
Javad M. Khazaeli, MO53735
John M. Waldron, MO70401
Leah M. Fessler, MO76824
911 Washington Avenue, Suite 211
Saint Louis, MO 63101
(314) 288-0777
(314) 400-7701 (fax)
james.wyrsch@kwlawstl.com
javad.khazaeli@kwlawstl.com
jack.waldron@kwlawstl.com
leah.fessler@kwlawstl.com

*Attorneys for Plaintiff*