**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

MELISSA BOTTORFF-AREY,              )
SUZANNE THOMAS, and                 )
MICHAEL THOMAS,                     )
                                    )
        Plaintiffs,                 )
                                    )        Case No. 2:24-CV-00066-NCC
    v.                              )
                                    )
BRANDON GROSSHEIM,                  )
                                    )
        Defendant.                  )

<u>**MEMORANDUM AND ORDER**</u>

This matter is before the Court on Plaintiffs' Consent Motion for the Approval of a

Wrongful Death Settlement (Doc. 64).    The parties have consented to the jurisdiction of the

undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) (Doc. 12).   For the

following reasons, Plaintiffs' consent motion will be **GRANTED**.

### I.   Background[1]

On July 31, 2019, Melissa Bottorff-Arey, Suzanne Thomas, and Michael Thomas filed a

wrongful death action in the Circuit Court of Adair County, Missouri, Case No. 19AR-CV00792,

related to the suicide deaths of their sons Alexander Mullins and Joshua Thomas.   Pursuant to

motions to dismiss, the following defendants were dismissed from that action: Truman State

University, Lou Ann Gilchrist, Truman State University Campus Safety Authorities, David Lusk,

Arlen Egley, Philip Jorn, Ian Rothbarth, and Seth Baskett.   The plaintiffs subsequently

dismissed all claims against defendant Brandon Grossheim without prejudice and settled with the

two remaining defendants (The Fraternity of Alpha Kappa Lambda, Inc. and Alpha Kappa

---

[1] The Court takes judicial notice of the prior case, Case No. 19AR-CV00792.   *See Stahl v. U.S.*
*Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003).

Lambda Xi Chapter).

On June 25, 2024, Melissa Bottorff-Arey, Suzanne Thomas, and Michael Thomas ("Plaintiffs") filed the instant action against Brandon Grossheim ("Grossheim" or "Defendant") in the Circuit Court of Adair County, Missouri, Case No. 24AR-CV00482.   On September 19, 2024, Defendant removed the case to this Court based on diversity jurisdiction (Doc. 1). Plaintiffs alleged that Defendant caused the suicide deaths of Alexander Mullins and Joshua Thomas (Doc. 4).   Plaintiffs asserted claims for wrongful death (Count I) and negligence per se (Count II) (*id.*).   Defendant filed a motion to dismiss, which was denied (Doc. 35).   On January 12, 2026, Plaintiffs filed a notice of settlement (Doc. 53).   On April 20, 2026, Plaintiffs filed a consent motion for approval of the settlement (Doc. 64).   The next day, Plaintiffs filed the settlement agreement (Doc. 65-1).

## II.   Analysis

Under Missouri law, the Court must approve any settlement in a claim for damages under Missouri's wrongful death statute, Mo. Rev. Stat. § 537.080.   Section 537.095 provides, in relevant part, that if multiple parties have standing to sue under the statute, "any one or more of them may compromise or settle the claim for damages with approval of any circuit court, . . . provided that the claimant or petitioner shall satisfy the court that he has diligently attempted to notify all parties having a cause of action under Section 537.080."   Mo. Rev. Stat. § 537.095.1. In addition, "upon the approval of any settlement for which a petition or application for such approval has been filed, the court shall state the total settlement approved" and "[t]he court shall then enter a judgment as to such damages, apportioning them among those persons entitled thereto in proportion to the losses suffered by each as determined by the court."   Mo. Rev. Stat. § 537.095.3.   After apportioning damages, the Court is required to order the claimant to do the following:

2

(1) To collect and receipt for the payment of the judgment;

(2) To deduct and pay the expenses of recovery and collection of the judgment and the attorneys' fees as contracted . . .;

(3) To acknowledge satisfaction in whole or in part for the judgment and costs;

(4) To distribute the net proceeds as ordered by the court; and

(5) To report and account therefor to the court. In its discretion the court may require the claimant to give bond for the collection and distribution.

Mo. Rev. Stat. § 537.095.4.

The Court first considers whether Plaintiffs have diligently attempted to notify all parties having a cause of action under § 537.080.   Pursuant to § 537.080, the persons with a cause of action are "the spouse or children or the surviving lineal descendants of any deceased children, natural or adopted, legitimate or illegitimate, or . . . the father or mother of the deceased, natural or adoptive."   Mo. Rev. Stat. § 537.080.1(1).   In their consent motion, Plaintiffs state that they are the only individuals entitled to bring a wrongful death action for the deaths of Alexander Mullins and Joshua Thomas pursuant to § 537.080.1(1) (Doc. 64 ℙℙ 2-3).   They further state that, pursuant to § 537.095, these claims may be settled without the joinder of any other party (*id.* ℙ 4).   Accordingly, the Court concludes that all individuals who may have a cause of action under § 537.080 have been provided with notice of this case and are already named as beneficiaries in the settlement agreement.

The Court next considers whether to approve the total settlement amount.   Although § 537.095 requires court approval of a settlement, it "does not identify a standard for 'approval' of the amount of a settlement."   *Johnson v. City of Hazelwood*, No. 4:14CV00286 SNLJ, 2017 WL 492822, at *2 (E.D. Mo. Feb. 7, 2017).   Courts have taken guidance from § 537.090, which directs the trier of fact to award "such damages as the trier of the facts may deem fair and just for the death and loss thus occasioned" and which lists several factors for the trier of fact to

3

consider.[2]   *See Johnson*, 2017 WL 492822, at *2; *Long v. Gyrus ACMI, Inc.*, No. 4:18-CV-00004-SEP, 2021 WL 1985054, at *2 & n.2 (E.D. Mo. May 18, 2021).   The Court's assessment of what is fair and just in the settlement context should be "informed not only by the actual damages allowable under § 537.090, but also by the likelihood of success if the case were to be tried, both on the questions of liability and allowable damages."   *Johnson*, 2017 WL 492822, at *2.

Plaintiffs, who are represented by counsel, have negotiated a settlement with Defendant for all claims against him for the total amount of $3,000 (Doc. 64 ⁋ 8).   Plaintiffs state that Defendant has denied any liability and that the extent of any liability or damages remains contested (*id.* ⁋ 6).   Plaintiffs further state that Defendant has few assets and no insurance that would cover this action (*id.* ⁋ 7).   Plaintiffs state that, taking into consideration the expense, delay, and uncertainty of litigation, Defendant's lack of resources, and the circumstances surrounding the deaths at issue, they believe the settlement is fair, reasonable, and in their best

---

[2]  This provision states, in relevant part:

> In every action brought under section 537.080, the trier of the facts may give to the party or parties entitled thereto such damages as the trier of the facts may deem fair and just for the death and loss thus occasioned, having regard to the pecuniary losses suffered by reason of the death, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of which those on whose behalf suit may be brought have been deprived by reason of such death and without limiting such damages to those which would be sustained prior to attaining the age of majority by the deceased or by the person suffering any such loss. In addition, the trier of the facts may award such damages as the deceased may have suffered between the time of injury and the time of death and for the recovery of which the deceased might have maintained an action had death not ensued. The mitigating or aggravating circumstances attending the death may be considered by the trier of the facts, but damages for grief and bereavement by reason of the death shall not be recoverable.

Mo. Rev. Stat. § 537.090.

4

interests (*id.* ¶¶ 8-9).   Plaintiffs further state that the parties agree the settlement and Plaintiffs'

release were executed in good faith pursuant § 537.060 (*id.* ¶ 8).   Plaintiffs state their

understanding that this is a settlement of all claims against Defendant[3]  and request that the Court

approve the settlement and grant them leave to waive a jury trial (*id.* ¶¶ 8, 17).   Based on the

above, and the Court's consideration of the case as a whole, the Court finds that the settlement is

fair, just, and reasonable.   *See Johnson*, 2017 WL 492822, at *4 (deferring to opinion of

plaintiffs "with the most to gain or lose by agreeing to the settlement" to determine whether

settlement was fair and just).

The Court next considers the apportionment of the settlement proceeds.   Missouri law

requires the Court to apportion the damages among persons entitled to damages "in proportion to

the losses suffered by each as determined by the court."   Mo. Rev. Stat. § 537.095.3; *see also*

*Macke v. Patton*, 591 S.W.3d 865, 870-71 (Mo. 2019).   Plaintiffs request that $1,500 be

apportioned to Plaintiff Melissa Bottorff-Arey and $1,500 be apportioned to Plaintiffs Suzanne

Thomas and Michael Thomas jointly (Doc. 64 ¶ 12).   The Court finds that this apportionment

reflects the losses suffered by the beneficiaries, and the Court will apportion the damages as

such.

Finally, the Court considers the question of attorneys' fees and expenses.   Generally, the

Court is to order payment of attorneys' fees "as contracted" out of the parties' respective

settlement proceeds.   Mo. Rev. Stat. § 537.095.4(2); *see also, e.g., Bishop v. Nico Terrace*

---

[3] The settlement "includ[es] all claims for damages for the injuries to and deaths of Alexander Mullins and Joshua Thomas, for Alexander Mullins' and Joshua Thomas' conscious pain and suffering before both of their deaths, for pecuniary losses, funeral expenses, constitutional violations, and the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support suffered by reason of Alexander Mullins' and Joshua Thomas' deaths and all other claims for damages against Defendant arising out of the injuries to and deaths of Alexander Mullins on August 7, 2016, and Joshua Thomas on April 6, 2017" (*id.* ¶ 8).

*Apartments, LLC*, No. 4:09-CV-1718-MLM, 2010 WL 2556846, at \*4 (E.D. Mo. June 23, 2010). Plaintiffs state that Plaintiffs' counsel is not taking a fee in this matter (Doc. 64 ¶ 11).   Thus, attorneys' fees and expenses are not at issue.[4]

For all of the above reasons, the Court grants the consent motion for approval of the settlement (Doc. 64), approves the settlement agreement (Doc. 65-1), and will order distribution of the settlement proceeds accordingly.

### III.   Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Consent Motion for the Approval of a Wrongful Death Settlement (Doc. 64) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs Melissa Bottorff-Arey, Suzanne Thomas, and Michael Thomas' claims against Defendant Brandon Grossheim be settled for the total amount of $3,000.

**IT IS FURTHER ORDERED** that the settlement proceeds be apportioned as follows: $1,500 to Plaintiff Melissa Bottorff-Arey and $1,500 to Plaintiffs Suzanne Thomas and Michael Thomas jointly.

**IT IS FURTHER ORDERED** that Plaintiffs shall collect payment from Defendant and shall execute an acknowledgment of satisfaction with the Court within **fourteen (14) days** of receiving the payment from Defendant.

---

[4] The Court notes that, while no lien deductions were specified, Plaintiffs agree to satisfy and pay out of the settlement proceeds "any and all valid liens which have arisen out of the injures [sic] to and deaths of Alexander Mullins and Joshua Thomas or as a result of any medical care and treatment, funeral expenses, claims of other beneficiaries, subrogation interests, or any other expenses incurred as a result of the injuries to and deaths of Alexander Mullins and Joshua Thomas" (Doc. 64 ¶ 13).

**IT IS FINALLY ORDERED** that Plaintiffs shall file a dismissal with prejudice and satisfaction of judgment with this Court after the settlement check has cleared.

Dated this 12th day of May, 2026.

       /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE